# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

RODNEY WIGGINS,

                               Plaintiff,

        vs.                                     9:15-CV-138
                                                (TJM/ATB)

R. ROBERTS, et al.,

                               Defendants.

RODNEY WIGGINS, Plaintiff pro se
HELENA LYNCH, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter has been referred to me for Report and Recommendation by the

Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28

U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). Presently before this court is the

defendants' motion to dismiss for lack of prosecution. (Dkt. No. 31). Plaintiff has

responded in opposition to the motion. (Dkt. No. 35). For the following reasons, this

court recommends denying the motion to dismiss.

## DISCUSSION

## I.    <u>Procedural Background</u>

      Plaintiff filed this civil rights action on February 9, 2015, alleging excessive

force by defendants at Gouverneur Correctional Facility ("Gouverneur"). (Dkt. No. 1).

After administrative closure of the action for failure to properly move for in forma

pauperis ("IFP") status, the case was reopened on February 17, 2015. (Dkt. Nos. 4-6).

On March 30, 2015, Senior Judge McAvoy granted plaintiff's IFP application,

dismissed one of plaintiff's claims with prejudice, dismissed others without prejudice, and gave plaintiff the opportunity to file an amended complaint. (Dkt. No. 8).

On April 6, 2015, plaintiff filed an amended complaint in accordance with Judge McAvoy's order. (Dkt. No. 9). The amended complaint was accepted for filing and reviewed on May 13, 2015 by order of Senior Judge McAvoy. (Dkt. No. 11). Although Senior Judge McAvoy dismissed some of plaintiff's claims, he allowed an excessive force claim to go forward against defendants Peryer, Cornelius, Leeson, and Phillips. (Dkt. No. 11 at 4). On June 12, 2015, plaintiff filed a Change of Address, indicating that he had been transferred to Southport Correctional Facility ("Southport"). (Dkt. No. 14). The remaining defendants were served and acknowledged service on June 30, 2015. (Dkt. Nos. 18-21).

Plaintiff filed a a motion for injunctive relief on May 26, 2015 which Senior Judge McAvoy denied because of plaintiff's intervening transfer to Southport. (Dkt. No. 24). Defendants filed their answer on July 31, 2015, and on the same day, the court issued its Mandatory Pretrial Discovery and Scheduling Order ("MSPO"). (Dkt. No. 26). Pursuant to the MPSO, the parties were required to serve their mandatory disclosures within sixty days of the MSPO date, the deadline for amendment of pleadings and joinder of parties was December 1, 2015, the discovery deadline was February 1, 2016, and dispositive motions were to be filed by April 1, 2016. (*Id.*) On August 26 and 28, 2015, plaintiff filed his "Mandatory Disclosures" in accordance with the MSPO. (Dkt. Nos. 27, 28). On February 5, 2016, defendants filed the motion to dismiss that is presently pending before me. (Dkt. No. 31).

## II.     **Failure to Prosecute**

### A.     **Legal Standards**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).  Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996)(pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives) (dissenting opinion).

"The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (emphasis added).  Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration, whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further

delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

## B. Application

In this case, defendants made their motion based upon plaintiff's failure to update his address with either the court or defendants. (Dkt. No. 31-1). Defendants filed the Declaration of Helena Lynch, Assistant Attorney General ("AAG") in support of their motion. (Lynch Decl., Dkt. No. 31-2). AAG Lynch states that, based upon the "Inmate Information" page of the Department of Corrections and Community Supervision ("DOOCS") website, plaintiff was released from DOCCS custody on October 19, 2015. (Lynch Decl. ¶ 2 & Ex. 1). AAG Lynch also states that she served plaintiff with the defendants' mandatory disclosures on September 25, 2015.[1] (*Id.* ¶ 4). AAG Lynch states that on October 5, 2015, she served plaintiff with defendants First Set of Requests for the Production of Documents and First Set of Interrogatories, but she did not receive any response to these discovery demands. (*Id.* ¶¶ 5-6).

On December 21, 2015, AAG Lynch sent plaintiff a letter to his Southport address, asking about the above-mentioned discovery requests, enclosing a Notice of Deposition, and enclosing a copy of the previously-sent discovery demands. (*Id.* ¶¶ 7, 8

---

[1] Although the court does not question defense counsel's statement, there is no indication on the docket sheet that the defendants' mandatory disclosures were served. Generally, a the cover letter noting such service is filed with the court.

& Ex. 2). Defense counsel's December 21, 2015 letter was "returned" to her on December 28, 2015. (*Id.* ¶ 9). Counsel has attached the envelope that was returned to her, containing the December 21, 2015 letter. (*Id.* ¶ 10 & Ex. 3). On the envelope, the notation "RTS" appears. (*Id.* Ex. 3). The court assumes that "RTS" stands for "Return to Sender." Handwritten on the envelope is the word "Released," and stamped on the envelope is the notation: "Not Deliverable as Addressed Unable to Forward."[2] Defense counsel states that, when she received this envelope, she looked up plaintiff's inmate information and discovered that he had been released on October 19, 2015. (*Id.* ¶ 9).

After defendants' motion to dismiss was filed, the court also attempted to mail correspondence to plaintiff which set a briefing schedule for a response and reply to the motion to dismiss. (Dkt. No. 22). The court's notice was sent to plaintiff's Southport address because it was the last address on the court's docket. The letter was returned with the notation: "unable to forward." (*Id.*) However, on February 24, 2016, the court located plaintiff at the Suffolk County Correctional Facility ("Suffolk"). On the same day, I issued a Text Order, directing the Clerk of the Court to serve the defendants' motion to dismiss on plaintiff and reset his response deadline to March 18, 2016. (Dkt. No. 34). In my Text Order, I specifically warned plaintiff that his failure to keep the court updated with his address would result in the dismissal of his case. (*Id.*)

On March 7, 2016, the court received a letter from plaintiff, confirming that he is

---

[2] Counsel's declaration states that the envelope is stamped with "Return to Sender: Addressee Cannot be Identified," but this court cannot find any such stamp on the envelope that is attached. The court only mentions this in an effort to accurately cite the Exhibit. It would not make sense to say that the addressee could not be identified, yet also indicate that the facility knew he was released.

currently incarcerated at Suffolk, although plaintiff refers to it as the "Riverhead Jail."[3] (Dkt. No. 35). In his letter, plaintiff states that he is sorry for not contacting the court, but when he was released from Southport, he was "homeless," until his mother allowed him to live with her. (*Id.*) He has now apparently been re-incarcerated, but he states that he wishes the case to go forward because "justice needs to be served." (*Id.*)

This court finds that an analysis of the factors stated above dictates that plaintiff's case should not be dismissed for failure to prosecute at this time. Dismissal is a harsh remedy to be used only in "extreme situations." *Minnette, supra*. In this case, plaintiff's failure to update the court with his new address did not cause a delay of considerable duration, although it was the court's initiative that located him. In addition, although the court's order for service of plaintiff's amended complaint did warn him that failure to notify the court of a change of address would result in dismissal of the action, the court finds that plaintiff's failure to update his address was due to extenuating circumstances, and is willing to give him another chance.[4]

The pretrial deadline for discovery has expired. However, the deadline was only a little more than one month ago on February 1, 2016, and the dispositive motion deadline had not yet expired. Plaintiff has already filed his mandatory disclosures, which included his grievances and his medical records, which he implies relate to the incident. (Dkt. Nos. 27, 28). If Judge McAvoy approves this Recommendation, the

---

[3] Plaintiff may be referring to Suffolk as "Riverhead," because Suffolk is located in Riverhead, New York.

[4] In making this determination, the court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam).

case may be sent back to me, and I will extend the pretrial order deadlines, providing sufficient time for additional discovery, including time to depose the plaintiff and to make any dispositive motions. Defendants will not be prejudiced by this delay.

**Plaintiff has now been warned again that failure to update his address can result in dismissal of the action.**[5]

WHEREFORE, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss for failure to prosecute (Dkt. No. 31) be **DENIED**, and it is

**RECOMMENDED**, that if the District Court approves this Recommendation, the case be referred to me to extend the pretrial deadlines accordingly.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 29, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[5] This is true even if plaintiff is "homeless." He should have at least alerted the court to the situation.