UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RODNEY WIGGINS,

                        Plaintiff,

    vs.                                         9:15-CV-138
                                                     (TJM/ATB)

CORNELIUS, Correctional Officer, *et al.*,

                        Defendants.

_____

Thomas J. McAvoy,
United States District Judge

**DECISION & ORDER**

      This action, brought pursuant to 42 U.S.C. § 1983, alleges that Defendants violated Plaintiff's Eighth Amendment rights during his incarceration. The action was referred to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

      The Report-Recommendation, dated March 29, 2016, recommends that Defendants' motion to dismiss for failure to prosecute be denied. See dkt. # 36.

      No objections to the Report-Recommendation have been raised. After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice. Accordingly, this Court adopts the Report-Recommendation and Order for the reasons stated therein.

1

Plaintiff has also filed a motion for appointment of counsel.  See dkt. # 49.  Plaintiff relates that he has attempted to contact lawyers who could take his case, but has received no response.  Id.  He lacks the funds to hire an attorney, knows nothing about the law, and lacks formal education.  As he is housed in the S.H.U., he cannot visit the law library or ask other inmates for help.

Federal law permits district judges to appoint counsel.  See 28 U.S.C. § 1915(d) ("The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.").  Though a court has "broad discretion" in determining whether to appoint counsel, the "court must exercise its discretion in accordance with sound legal principles[.]"  Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986).  "[T]he threshold requirement in considering a request for appointment of counsel [is] the likelihood of success on the merits of the claim."  Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994).  Once the plaintiff meets this "threshold requirement," a court is then to "consider the indigent's ability to investigate the crucial facts," decide "whether conflicting evidence implicating the need for cross-examination will be the major proof presented" and explore "the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination."  Hodge, 702 F.2d at 61-62.

The Court will deny the Plaintiff's motion for appointed counsel with leave to renew at an appropriate time.  The Court finds that there is some likelihood of success on the merits of the claim, as the Amended Complaint has survived the Court's review and Defendants have answered.  The case will largely turned on the credibility that fact-finders

assign to the parties' different accounts of the events in question. That means that extensive discovery will likely be unnecessary, any depositions straightforward, and dispositve questions likely decided by a jury. Moreover, Plaintiff has demonstrated an ability to address legal issues by filing an Amended Complaint that identified important claims and by filing a motion for a preliminary injunction *pro se*. See dkt. # 13. The Court finds Plaintiff competent to protect his own interests at this stage of the litigation. The Court's decision is without prejudice to Plaintiff providing additional evidence at later stages in the proceeding that he is not capable of protecting his interests and renewing his motion for appointment of counsel.

It is therefore

**ORDERED** that the Report-Recommendation of Magistrate Judge Baxter, dkt. # 36, is hereby ADOPTED, and Defendants' motion to dismiss for failure to prosecute, dkt. # 31, is hereby DENIED. Plaintiff's motion for appointment of counsel, dkt. # 49, is hereby DENIED with leave to renew at an appropriate time.

**IT IS SO ORDERED.**

*[signature]*
Thomas J. McAvoy
Senior, U.S. District Judge

Dated: August 30, 2016